FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

97 APR 21 AM 9:29

U.S. DISTRICT COURT
N.D. OF ALABAMA

ALBERT B. COLEMAN,  )
    Plaintiff(s);  )
                  )
-vs.-                )    No. CV-96-P-2148-S
                  )
SECURITY NATIONAL AUTOMOTIVE  )
ACCEPTANCE CORPORATION, et al.,  )
    Defendant(s).  )

## OPINION

The plaintiff's Motion to Remand was considered at a prior motion docket. For the following reasons, this motion is due to be granted.

### Facts

On September 15, 1995, the plaintiff, Albert B. Coleman, filed this lawsuit in the Circuit Court of Jefferson County, Alabama. The complaint stems out of automobile sales transactions. In the complaint, Coleman named Security National Automotive Acceptance Corporation ("Security National"), Car City, Inc., and 78 West Auto Sales, Inc. as defendants. Coleman alleges that all defendants violated the Alabama Mini Code, Ala. Code § 5-19-22, by arranging, making, and taking assignments of consumer loans without first obtaining licenses.

Car City and 78 West were dismissed for lack of service on April 2, 1996. Car City and 78 West voluntarily entered appearances on April 8, 1996. In opposition to Security National's Motion for Summary Judgment, Coleman submitted affidavits from representatives of Car City and 78 West, in which it was revealed that McCormack Cars, Inc. does business as Car City and 78 West. The affidavits also assert that 78 West and Car City were merely agents of Security

9

National, who was the primary lender. McCormack Cars, Inc. is not a party to this lawsuit. 78 West is not incorporated in the state of Alabama, and the only Car City incorporated in the state of Alabama is clearly not the Car City indicated in this lawsuit. Coleman filed an amended complaint on August 9, 1996, in which he alleges that Security National engaged in fraud and suppression. The amended complaint states no cause of action against Car City, 78 West, or McCormack Cars. On August 16, 1996 Security National removed the case to this court on the basis of diversity, alleging that Car City and 78 West were fraudulently joined.

## Analysis

Security National contends that Car City and 78 West are not existing Alabama legal entities and were not existing legal entities at the time the lawsuit was filed, and that therefore no Alabama resident was named as a party to the lawsuit. In addition, Security National argues that the citizenship of Car City and 78 Auto should be disregarded for the purposes of determining diversity jurisdiction under the doctrine of "fraudulent joinder," because neither complaint states a viable cause of action against either Car City or 78 West. As well, Security National contends that the affidavits and the voluntary appearances by Car City and 78 West demonstrate that the plaintiff is not making a genuine claim against these two defendants and is cooperating with them to impose liability on Security National.

The doctrine called "fraudulent joinder" applies when the party opposing remand can show either that there is no possibility that the plaintiff can establish any cause of action against the resident defendant or that the plaintiff has fraudulently pled facts to defeat federal jurisdiction. *Cabalceta v. Standard Fruit*, 883 F.2d 1553, 1561 (11th Cir. 1989). If a resident defendant is fraudulently joined, that defendant's citizenship will be disregarded for the purposes of determining diversity jurisdiction.

*See Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983). The defendant bears the burden of proving that the plaintiff has stated no cause of action against the resident defendant under applicable state law. *Cabalceta*, 883 F.2d at 1561-62.

In his original complaint, the plaintiff alleged specifically that Car City and 78 West violated the Mini Code and "aided, abetted, and conspired with Security National." The plaintiff also alleged that "the Defendants . . . have regularly extended and arranged credit for consumers such as the Plaintiffs. The Defendants have made and taken assignments of consumer loans without first obtaining a license as is required by the State of Alabama." It is impossible to say at this point in the proceedings that the plaintiff has not stated a claim against 78 West and Car City. The affidavits merely create a fact question regarding each defendants' liability. Although it is true McCormack Cars, Inc. may be doing business as 78 West and Car City, an error in naming a defendant is not sufficient grounds to disregard that defendant for purposes of determining diversity jurisdiction. Because the plaintiff named resident Alabama defendants and because those defendants were not fraudulently joined, the plaintiff's Motion to Remand is due to be granted.

Dated: April 21, 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
  Mr. Jerry O. Lorant
  Mr. J. Gusty Yearout
  Mr. Hayden M. Trechsel
  Mr. John G. Watts
  Mr. Walter J. Sears, III
  Mr. T. Michael Brown